678 A.2d 416

**Jay REDMAN, Appellee**

v.

**Starlet RADOVICH, Appellant.**

Superior Court of Pennsylvania.

Submitted May 2, 1996.

Filed June 25, 1996.

Benita J. Sumey, Assistant Public Defender, Uniontown, for appellant.

Samuel J. Davis, Uniontown, for appellee.

Before POPOVICH, EAKIN and HESTER, JJ.

POPOVICH, Judge.

This is an appeal from the order of the Court of Common Pleas of Fayette County entered on November 2, 1995, which directed the parties to submit to DNA blood testing in order to determine whether appellee is the father of

appellant's minor daughter.[1] We affirm the order directing the parties to submit to blood testing. Further, we find that appellant's appeal is wholly frivolous and sanctions against her are warranted. Upon remand, we direct the lower court to compute appellee's reasonable counsel fees for defense of this appeal and award the same to appellee as authorized by Pa.R.A.P. 2744.

■ Herein, appellant contends: 1) The lower court did not have jurisdiction to direct appellant and the child to submit to blood testing; and 2) Pa.R.C.P. 1915.8(a) does not authorize the court to compel blood testing.[2] Although appellant claims to raise two distinct issues, she actually addresses both issues in one argument which in no manner assails the jurisdiction of the Court of Common Pleas to adjudicate appellee's complaint for custody. Appellant, without citation to any authority, simply argues that since Pa.R.C.P. 1915.8(a) does not specifically name "DNA blood testing" as a type of physical testing of a child or party in a custody action permitted under the rule, the lower court had no power to order such testing.

However, contrary to appellant's assertion, the lower court is expressly granted the power to order blood tests by statute. The Uniform Act on Blood Tests to Determine Paternity, 23 Pa.C.S.A. § 5104, specifically provides:

(c) **Authority for test.**—In any matter subject to this section in which paternity, parentage or identity of a child is a relevant fact, the court, upon its own initiative or upon suggestion made by or on behalf of any person whose blood is involved, may or, upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child and alleged father to submit to

1. We note that, although interlocutory, a court order directing the parties to submit to a blood test is immediately appealable. *Jones v. Trojak*, 535 Pa. 95, 634 A.2d 201 (1993).

2. Appellant's third issue, "Whether the pre-trial praecipe was filed timely where there is no evidence that the appellant was notified of the thirty (30) days within which to file the same", is moot since the court recognized that appellant was not properly served with the order of August 11, 1995, which initially directed the parties to arrange for blood testing and the court permitted appellant to respond to the blood test request.

blood tests. If any party refuses to submit to the tests, the court may resolve the question of paternity, parentage or identity of a child against the party or enforce its order if the rights of others and the interests of justice so require.

Further, our Rules of Civil Procedure also anticipate that the lower court would have the need to order physical examination of children or parties to a custody action. Pa.R.C.P. 1915.8, Physical and Mental Examination of Persons, in subsection (a), provides: "The court may order the child or a party to submit to an evaluation by an appropriate expert or experts." The fact that "blood test" is not specifically listed as a type of permitted examination in no way lessens the court's authority to order such testing when paternity is at issue, especially when we consider the express statutory grant of such authority.

■ In sum, we find that the issues raised herein are not only meritless but are, in fact, frivolous, given the court's clear statutory authority to order blood testing of the parties and appellant's child. Accordingly, we affirm. Further, upon appellee's request, we remand the case to the lower court to determine damages to appellee as set forth in Pa.R.A.P. 2744, including reasonable counsel fees of appellee for this appeal.

Order affirmed. Case remanded for proceedings in accordance with this opinion. Jurisdiction relinquished.